

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-31,454-03 & WR-31,454-04

### EX PARTE RODNEY ELNESTO SMILEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. C-213-010293-1011284-B IN THE 213TH DISTRICT COURT
### FROM TARRANT COUNTY

### CAUSE NO. W94-02594-U(B) IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,

the clerks of the trial courts transmitted to this Court these applications for writs of habeas

corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In 1994, applicant

was convicted of theft in Dallas County and sentenced to twenty-five years' imprisonment.

In 2006, while he was out of custody on parole, he was convicted of injury to a child in

Tarrant County and sentenced to ten years' imprisonment.

Applicant filed these applications for post-conviction writs of habeas corpus challenging certain policies employed by the Board of Pardons and Paroles for the purpose of determining an inmate's eligibility for release to supervision when he is serving concurrent sentences. Applicant notes that his theft conviction is subject to the pre-1996 mandatory supervision statute, while his injury-to-a-child conviction is governed by the current "discretionary" mandatory supervision statute. Applicant contends that his due-process rights were violated when the Board of Pardons and Paroles declined to vote on his release to discretionary mandatory supervision for his injury-to-a-child conviction for more than two years after he became eligible for such release. The basis for the parole board's refusal to consider him for discretionary mandatory supervision release was that he was not yet eligible for mandatory release on his 1994 theft conviction. Applicant further challenges the parole board's refusal to release him to mandatory supervision on his theft conviction once he became eligible in 2013, with the basis for that decision by the parole board being that applicant was still incarcerated on the injury-to-a-child case.

This Court remanded the -03 application for a response from the Texas Department of Criminal Justice's Office of the General Counsel and findings of fact and conclusions of law from the habeas court. In response to applicant's claims, TDCJ stated that, because applicant was not entitled to mandatory release on his theft conviction until 2013, it was not required to take a vote on his release to discretionary mandatory supervision for his injury-to-a-child conviction until after that date had passed. Furthermore, regarding applicant's claim

that he was entitled to mandatory release on his theft conviction in 2013, TDCJ asserted that an offender may not be released to mandatory supervision until he is eligible for release on all his sentences. The habeas court forwarded supplemental transcripts, which included findings of fact and conclusions of law recommending that applicant's claims be denied.

This Court consolidated the applications and filed and set this case to address applicant's allegations that (1) the Parole Board's failure to vote on his original discretionary mandatory release date in a timely fashion violated due process, and (2) TDCJ's policy of not "releasing" a prisoner to mandatory supervision on one concurrent sentence until the prisoner is "eligible for release" on all concurrent sentences is unlawful.

The briefs were filed in June of 2015. Since that time, it has come to this Court's attention that applicant may have been released to parole or, alternatively, discharged his sentence. The record reflects that applicant's next parole review was to be held in December 2015. Further, the record reflects that applicant's ten-year sentence for injury to a child had a maximum release date of February 8, 2016. Given that applicant's release to parole or discharging of his sentence would affect this Court's resolution of his claims, we order these applications remanded to the respective habeas courts so that the record may be supplemented to include the results of applicant's most recent parole review and to address whether applicant has discharged his sentence. In particular, the -03 application is remanded to Tarrant County to enter specific findings as to whether applicant has discharged his sentence for injury to a child. The -04 application is remanded to Dallas County to enter

specific findings as to whether applicant has been released to mandatory supervision on his theft conviction. These applications will be held in abeyance until the trial courts have resolved the fact issues. The issues shall be resolved within 30 days of the date of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be obtained from this Court.

Delivered: May 18, 2016

Do not publish